[L. A. No. 235. In Bank.—September 1, 1898.]

FRANK H. DENNIS et al., Appellants, v. IRA BINT et al., Respondents.

ESTATES OF DECEASED PERSONS—AUTHORITY OF ADMINISTRATRIX—UNSEALED LETTERS—COLLATERAL ATTACK.—The absence of the impress of the seal from letters of administration purporting to be sealed, which were issued to an administratrix, who was appointed as such, and took the oath and gave bond, and who claimed to hold valid letters, and was recognized as administratrix by the court, in orders reciting that she was such, is not ground for a collateral attack upon her authority to act as administratrix, made by the heirs in an action of ejectment.

ID.—VOID SALE OF REALTY—STATUTE OF LIMITATIONS.—Upon a void sale of realty by an executor or administrator, the statute of limitations of three years after the settlement of the final account, prescribed by section 1573 of the Code of Civil Procedure, begins to run after the lapse of a reasonable time in which to obtain settlement thereof. [Per McFarland, J., Garoutte, J., and Van Fleet, J. Beatty, C. J., contra.]

122   39
134   242
122   39
j147  622

ID.—PLEADING—DISCOVERY OF GROUNDS OF ACTION.—A complaint averring a discovery of the grounds of action within three years next before the commencement of the action, without offering any explanation or excuse for the ignorance of the plaintiffs concerning patent facts, does not save the operation of the statute.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. W. McKinley, Judge.

The facts are stated in the opinions.

T. E. Gibbon, and C. O. Whittemore, for Appellants

McLachlan & Cohrs, A. R. Metcalf, W. E. Arthur, and W. S. Wright, for Respondents.

THE COURT.—When this case was in Department the opinion hereto attached was prepared by Mr. Commissioner Britt. After full consideration of the appeal in Bank we are satisfied with that opinion and with the conclusion there reached, and for the reasons therein given the judgment and order appealed from are affirmed.

BRITT, C.—Action to recover possession of a tract of land in Los Angeles county, and to set aside a sale thereof made in probate. Defendants, more than a hundred in number, deraign through one Turner, who was the purchaser at said sale. Plaintiffs assert title as heirs of their father, Charles J. Dennis, who owned the land at the time of his death; against the validity of the sale they claim that the person who was appointed administratrix of the estate of said deceased sold the land without having qualified as administratrix and without right to act in that capacity; also that the petition and notice on which the court ordered the sale were insufficient to confer jurisdiction to make the order. There is no charge of actual fraud in the sale; it appears that the purchaser paid full value for the property. Defendants, in whose favor judgment passed below, rely on several lines of defense; our examination of the case leads us to doubt whether any of them has much merit, excepting only their plea of the statutes of limitation, and to this alone we shall direct our attention.

The action was begun February 8, 1893; afterward an amended complaint was filed, to which a demurrer was sustained as to the plaintiffs Frank H. Dennis and Kitty N. Whittemore, and as concerns them the question argued by counsel is whether, on the showing made by their pleading, the action was barred by lapse of time. It appears from said complaint that Charles J. Dennis died December 2, 1881, and that on January 9, 1882, on the petition of his surviving wife, Clotilda J. Dennis, mother of the plaintiffs, the superior court of said county ordered that letters of administration of his estate issue to her "upon her taking the oath and filing a bond according to law." It seems that she filed a bond, but it is alleged that she failed "to take and subscribe the oath required by law and the said order of the court." There is an averment that "no letters of administration upon the estate have been issued"; there is, however, annexed to the complaint as an exhibit, and made part thereof, a copy of a document filed in the court in the matter of the estate of said deceased purporting to be letters of administration issued to said Clotilda on February 1, 1882, signed by the clerk, and in the form prescribed for such letters by section 1362 of the Code of Civil Procedure, except that the seal of the court was not impressed thereon. Similarly, a copy of the petition for an order to sell the land, wherein said Clotilda made oath that letters of administration on the estate had been duly issued to her, is exhibited with the complaint; also several orders of the court are set out reciting acts done by her as such administratrix. Altogether, the allegations and exhibits of the complaint show that letters, such as they were, did issue to said Clotilda, and that she acted as administratrix thereunder. Upon her petition, the court made an order on May 15, 1883, purporting to authorize her to sell the land. For present purposes we may allow that this order was void for want of the notice required in such proceedings by sections 1538 and 1539 of the Code of Civil Procedure. However, pursuant thereto the administratrix sold the land, and on August 27, 1883, after obtaining an order confirming the sale, she executed a deed to the purchaser; he and those claiming under him thenceforward had possession of the premises. There has been no settlement of the final account of the administratrix. When the action was begun, both the plain-

tiffs Frank H. Dennis and Kitty N. Whittemore were more than four, but less than five, years past the age of majority; plaintiff Willard W. Dennis was still a minor some five months under that age. There is an allegation in the complaint in general terms that the grounds of the action and the facts alleged concerning the invalidity of the sale were not known or discovered by any of the plaintiffs until within one year of the commencement of the action.

The special statute of limitations contained in the chapter of the Code of Civil Procedure relating to sales of property of decedents is as follows:

"Sec. 1573. No action for the recovery of any estate sold by an executor or administrator, under the provisions of this chapter, can be maintained by any heir or other person claiming under the decedent, unless it be commenced within three years next after the settlement of the final account of the executor or administrator. An action to set aside the sale may be instituted and maintained at any time within three years from the discovery of the fraud, or other grounds upon which the action is based."

"Sec. 1574. The preceding section shall not apply to minors or others under any legal disability to sue at the time the right of action first accrues; but all such persons may commence an action at any time within three years after the removal of the disability."

It is contended that, according to the allegations of the complaint, the land was never sold by an executor or administrator, and hence that said section 1573 can have no application. The question is in effect whether the heirs can be permitted to say in this collateral proceeding that there was no administration of their father's estate at all. It is clear that the court had jurisdiction of the estate of the deceased, and to appoint the administratrix. Therefore, if the letters issued had been duly attested, it is unquestionable that, as against any collateral attack, they would have been conclusive evidence of her due qualification, and of her authority to act as administratrix. (*Westcott v. Cady*, 5 Johns. Ch. 342, 343; 9 Am. Dec. 306; *Moreland v. Lawrence*, 23 Minn. 84; *Minnesota etc. Co. v. Beebe*, 40 Minn. 7, 11; *Duson v. Dupre*, 32 La. Ann. 896; *Mutual etc. Ins. Co. v. Tis-*

*dale,* 91 U. S. 243; Woerner on Administration, sec. 266; 1 Williams on Executors, 7th Am. ed., 676, note; *Ryan v. American Freehold etc. Co.,* 96 Ga. 322.) This seems to have been conceded in one of the cases most relied on by appellants (*Pryor v. Downey,* 50 Cal. 399; 19 Am. Rep. 656): "The letters of admininstration may indeed, when issued, be evidence of the regularity of the previous proceedings," etc.

The purpose of the seal is to authenticate the document, show that it actually emanated from the court; here the letters recited that the seal was affixed, and Mrs. Dennis acted as administratrix, claiming to hold valid letters; the court recognized her as administratrix and repeatedly made orders reciting that she was such; the authenticity of the letters having been thus postulated and presumed in the quarters where duty and interest combined to require the truth of the matter to be known, it would seem that the presumption should be deemed conclusive against the present attack; and, in our opinion, the absence from the letters of the impress of the seal does not impair their effect, in this action, as evidence of her authority as administratrix. In *Whyler v. Van Tiger* (Cal., Aug. 31, 1887), 14 Pac. Rep. 846, this court upheld, against the suit of a minor, a lease of lands made by one who had been appointed his guardian and had given bond as such, but who had taken no oath and had not received letters of guardianship. That case well illustrates the tendency of the law to discountenance the collateral impeachment of the authority of such officers, but it has not the controlling importance supposed by respondents, because of differences in the statutes concerning the qualification, etc., of guardians and administrators. (See, further, *Ganahl v. Soher,* 68 Cal. 95; *Gallagher v. Holland,* 20 Nev. 167; *Baldwin v. Standish,* 7 Cush. 207; *People v. Dunning,* 1 Wend. 16; *Ambler v. Leach,* 15 W. Va. 677; Van Fleet on Collateral Attack, sec. 353.) We have given careful attention to the cases urged by plaintiffs upon the attention of the court—*Pryor v. Downey, supra; Staples v. Connor,* 79 Cal. 14—in which it was held that a sale of lands made in probate by one who, although acting as administrator, had not qualified by taking the oath and filing a bond, was void and might be successfully impeached by the heirs in an action like the present. But in those cases, as well as in *Estate of Hamil-*

*ton,* 34 Cal. 464, there had been no issuance of letters of administration; and we are not satisfied that their doctrine is so clearly salutary that it should be extended beyond the facts on which it rests.

It is further claimed that the case is taken from the operation of the statute by the averment that the grounds of the action were discovered within one year next before the commencement of the suit. Aside from other considerations which may bear on this point, the statement of the complaint is insufficient for the purpose claimed because unaccompanied by any explanation of the failure to acquire knowledge earlier; so as regards the adult plaintiffs at least. The matters relied on to impeach the sale were patent of record, and there was adverse possession of the land; mere ignorance of the facts, therefore, without some valid excuse for ignorance, was of no consequence. (*Hecht v. Slaney,* 72 Cal. 363; *Moore v. Boyd,* 74 Cal. 167; Code, 1872, sec. 1573, commissioners' note.) The minor plaintiff is in no better position for reasons presently to appear.

Lastly, it is insisted that because there has been no settlement of the final account of the administratrix the statute has never begun to run. Formerly said section 1573, which was drawn from section 190 of the probate act of 1851, required an action to recover estate sold by an executor or administrator to be brought within three years next after the sale; and following it then as now was the provision of section 1574—section 191 of the probate act—that the preceding section should not apply to minors or others under legal disability, who might sue within three years after removal of the disability. The result of the cases involving or illustrating the effect of these sections, in their original form, is that if the administrator failed to sue to recover the land or set aside the sale within three years next following the sale—the administration so long continuing—then the heirs as well as himself were barred, even though the heirs were minors; this on the ground that under our system the administrator represents the heirs; he the trustee, they the *cestuis.* (*McLeran v. Benton,* 73 Cal. 329, 342; 2 Am. St. Rep. 814; *Staples v. Connor, supra; Pachett v. Pacific etc. Ry. Co.,* 100 Cal. 505; *Meeks v. Olpherts,* 100 U. S. 564; *Meeks v. Vassault,* 3 Saw. 206; *Cunningham v. Ashley,* 45 Cal. 485.) But in 1880 section 1573

was amended so as to provide that the action cannot be maintained unless commenced within three years next after the settlement of the final account, and the question is whether under the amendment the representative may, by refraining from procuring the settlement of his final account, indefinitely postpone the running of the statute. It may simplify the view somewhat to consider the case as it would have been presented had the administratrix brought the action, as she had the power to do. (*Meeks v. Olpherts, supra.*) The complaint shows that there were no debts of the deceased, and that by the sale of the land now in dispute the administratrix received in the month of August, 1883, funds sufficient several times over to pay the expenses of administration and the allowance made by the court for the support of the family. The estate was then in condition to be finally closed, and it was her duty to proceed to a final account and to obtain a settlement thereof (Code Civ. Proc., sec. 1652); our whole scheme for settling the estates of decedents "looks to a speedy close of administration." (*Maddock v. Russell,* 109 Cal. 423.) In our opinion the administratrix was allowed under the amendment of 1880 a reasonable time in which to obtain settlement of her final account, and that, failing in this, the statute began to run, and were she the plaintiff here it could be pleaded against her with effect; what is such reasonable time must depend in general on the circumstances of each estate; but here it is apparent that much more than a reasonable time expired more than three years prior to the commencement of the action. There is no novelty in this proposition; it follows from the principle of quite extensive application that one cannot avoid the statute of limitations by delay in taking action incumbent upon him; thus it was held that an executor of a will probated in Illinois, who had unreasonably delayed to take out ancillary letters of administration in New York, was not entitled to the benefit of a statute of the latter state which excepted from the general statute of limitations a certain period "after the granting of such letters." (*Kirby v. Lake Shore etc. R. R. Co.,* 120 U. S. 130. And see *Bauserman v. Blunt,* 147 U. S. 647, approving *Bauserman v. Charlott,* 46 Kan. 480; *Mickle v. Walraven,* 92 Iowa, 423; *Thomas v. Pacific Beach Co.,* 115 Cal. 136.) If this be not the correct view of the statute, and if the

right to sue can be preserved to the administrator and those whom he represents for ten years by failure—without excuse—to settle his final account, then it may be preserved in like manner for fifty years or indefinitely. "The statute of limitations is intended, not for the punishment of those who neglect to assert their rights, but for the protection of those who have remained in possession under color of title believed to be good" (Marshall, C. J., quoted in *Tynan v. Walker*, 35 Cal. 641; 95 Am. Dec. 152); the policy of the statute is to quiet titles to real estate sold by order of the probate courts (*Harlan v. Peck*, 33 Cal. 521; 91 Am. Dec. 653); and we do not feel at liberty to say that the legislature intended to withhold such protection indefinitely from purchasers at probate sales at the option of the representative or of those who might compel him to account.

The principle above stated is illustrated in the opinion of this court in *Meherin v. San Francisco Produce Exchange*, 117 Cal. 217, 218. While the facts there were different from those here, the rule there declared seems to be applicable to the case at bar. That was an action by plaintiffs to have it adjudged that they were members in good standing of the defendant—the defendant having suspended them about eight years before the commencement of the action. The lower court held that the action was barred, and the judgment was affirmed. This court, in discussing the question whether the statute commenced to run before a demand had been made by plaintiffs for reinstatement, said as follows: "In such a case, a party cannot extend the statute of limitations indefinitely by failing to make a demand. (Opinion by Beatty, C. J., in *Bills v. Silver King Min. Co.*, 106 Cal. 21; *Prescott v. Gonser*, 34 Iowa, 179; *Baker v. Johnson Co.*, 33 Iowa, 151; *Codman v. Rodgers*, 10 Pick. 119.) In the case last cited the court say: 'A party must not be permitted to sleep over his rights to the prejudice of the party to whom he makes the claim, who, by the delay, may be deprived of the evidence and means of effectually defending himself. A demand must be made within a reasonable time; otherwise the claim is considered stale, and no relief will be granted in a court of equity. What is to be considered a reasonable time for this purpose does not appear to be settled by a precise rule. It must depend on circumstances. If no cause for delay be shown, it would seem

reasonable to require the demand to be made within the time
limited by the statute for bringing the action. There is the
same reason for hastening the demand that there is for hasten-
ing the commencement of the action; and, in both cases, the
same presumptions arise from delay.' "

Since, therefore, the administratrix could not maintain the
action because of lapse of time, it follows, in accordance with the
authorities already cited, that the plaintiffs cannot maintain it,
and the demurrer was properly sustained to the complaint of
Frank H. Dennis and Kitty N. Whittemore. A like conclusion
applies to the case of Willard W. Dennis; for although as to him
the demurrer was overruled and the case went to trial, yet the
plea of the statute was again interposed against him by answer
and was sustained by the findings of the court; he is included
in the effect of the bar of the statute against the administratrix,
and the findings are sustained. If it be objected that he is
placed thus in worse position than if the administratrix had in
due time obtained the settlement of her final account, the an-
swer is, that this is the logical outcome of the system which
clothes the administrator with the right of action in such cases
and makes him the representative and trustee of the heirs; the
laches of the trustee, while he holds office as such, must be im-
puted to the beneficiary, and the remedy of the heir is against
the administrator. (*Wheeler v. Bolton,* 54 Cal. 302; *McLeran v.
Benton,* 73 Cal. 343; 2 Am. St. Rep. 814.) The judgment and
order denying a new trial should be affirmed.

Temple, J., Harrison, J., and Henshaw, J., dissented.

BEATTY C. J., concurring—I concur in the judgment. The
most important question in the case is whether Mrs. Dennis ever
became administratrix of her husband's estate. She certainly
never had letters of administration in due form, and expressions
have been used in the opinions of this court in several cases
which at first glance would seem to imply that without letters
regularly issued in due form there is no administration; or, in
other words, that letters of administration, instead of being
merely evidence of authority to administer, are themselves the
only source of such authority. (*Estate of Hamilton,* 34 Cal. 469;
*Pryor v. Downey,* 50 Cal. 399; 19 Am. Rep. 656; *Staples v. Con-*

*nor*, 79 Cal. 15.)   But a critical examination of these cases will
show that in none of them was the proposition as here stated
actually involved   In every instance there had not only been a
failure to take out regular letters of administration, but also a
failure to comply with one or more of the essential conditions
expressly imposed by the order (or in the last case the law) au-
thorizing the party to administer, that is to say, he had failed
to take the oath or file the bond, or both.   None of those cases,
therefore, is necessarily inconsistent with the view that one who
has fully complied with all the conditions of the order of ap-
pointment by taking the oath, filing his bond, etc., and who has
acted as administrator under the orders and direction and with
the sanction and approval of the court, should, as against any
collateral attack upon his authority, be held to be the adminis-
trator, whether he holds letters in due form or not.

And this in my opinion is the correct view.   Letters of ad-
ministration do not constitute the authority of the administrator,
but are merely evidence of it; and the only object of the statute
in requiring letters to issue under the seal of the court, and to
be recorded with the oath of office subscribed and attached, is
to create and preserve permanent and authentic evidence of the
due qualification and authority of the administrator.   For this
purpose it is highly important that the directions of the statute
should be strictly followed in order to prevent a failure of proof
when other evidence has been lost.   But this evidence of author-
ity is not exclusive, and when, as in this case, there is other sat-
isfactory evidence or an admission in the pleadings that all the
conditions of the order of appointment have been complied with,
and when the appointee has gone on and administered the estate
under the direction of the court, receiving with its approval
and sanction a fair price in exchange for the property of the
estate, there is neither reason nor precedent for holding that
there has in fact been no administration merely because formal
letters of administration have not been issued.   This view is
fully supported by the decision of this court in *Beckett v. Selover*,
7 Cal. 238; 68 Am. Dec. 237.

But it may be objected that the statement is not correct that
the administratrix in this case is shown to have complied with
all the conditions of her appointment, because it clearly appears

not only from the pleadings but from the evidence that she never subscribed the oath of office. This is true, but it is also true that the order of the probate court did not require her to subscribe, but only to take, the oath, which she did. It is not charged in the complaint that she did not take the oath, and the order of the court which is set out in the complaint shows that she was not required to subscribe it. On the trial of the action as between the minor plaintiff and the defendants it was also found upon sufficient evidence that the administratrix took the oath.

All this may sound extremely technical, but such is the nature of the case. The plaintiffs here are endeavoring, upon the ground of purely technical defects in a probate sale, to recover land for which their natural guardian, while assuming to act as administratrix of their ancestor's estate, received full value from *bona fide* purchasers, who, as we may infer from the large number of defendants, have subdivided and improved it, thereby adding immensely to its value. To such a contention a technical objection, if sufficient, is all that is required. My conclusion is, that Mrs. Dennis must in this proceeding be held to have been the duly authorized administratrix of her deceased husband's estate.

But, although she must be held in any collateral proceeding to have been the duly authorized administratrix, it must be conceded that the order of the superior court for the sale of the land in controversy was void for want of the notice required by sections 1538 and 1539 of the Code of Civil Procedure, and this being so it is necessary to inquire whether the defect in the title of defendants has been cured by lapse of time or otherwise.

As to the bar of the statute of limitations I do not concur in the commissioner's opinion that the time prescribed by section 1573 of the Code of Civil Procedure commences to run from the time when the final account of the administrator ought to be settled. The principal argument in favor of this proposition is, that upon any other view the right of action might be indefinitely prolonged by the mere fault of the administrator in failing to present his final account. But this argument loses all its force when it is considered that the period of limitation prescribed by sections 1573 and 1574 is not the only limitation upon

which purchasers at probate sales may rely. They, like all other holders of land, have the benefit of the general statute making five years adverse possession a bar, and it is not possible, therefore, that the neglect of an administrator or executor to account could perpetuate any infirmity of their title. As against minor heirs they have the additional protection of section 1574, which, upon what I deem to be its proper construction, bars the right to sue in three years after such heirs reach their majority, irrespective of the settlement of the administrator's account. Under this section I think it appears from the complaint that the action of the two plaintiffs herein, who were more than three years past their majority when the original complaint was filed, was barred, and that the ruling of the court sustaining the demurrers as to them was correct, and that the judgment as against them should be affirmed upon this ground alone. They are not saved by their allegation that the facts upon which their action is founded came to their knowledge within three years of the commencement of the action, because they offer no explanation or excuse for their ignorance.

But the minor plaintiff is not, in my opinion, affected by either section 1573 or section 1574 of the Code of Civil Procedure, and if his action is barred by any period of limitation it must be by the five-year period prescribed in sections 318, et seq., of the Code of Civil Procedure. The court indeed finds that his action was barred by these sections, but this finding is attacked, and I can discover in the record no evidence of adverse occupancy or payment of taxes to support it.

Of course, if Mrs. Dennis was administratrix, as we hold she was, a right to maintain this action accrued to her as representative of the heirs and creditors immediately upon the execution of her deed—i. e., in the year 1883, and this right of action, without reference to the provisions of sections 1573 and 1574 of the Code of Civil Procedure, was barred by five years' adverse possession and payment of taxes under the general statute of limitations. But, as above stated, proof on these points is lacking, and, if the judgment against the minor plaintiff could not be sustained upon other grounds, I should be compelled to hold the order denying a new trial erroneous.

But the defendants did not rely alone upon the statutes of

limitation.  They rely also upon a judgment quieting their title to the lands in controversy.

It seems that three or four years after the sale of the land in controversy by the administratrix the defect in the proceedings was discovered, and she was informed that legal proceedings were necessary to cure the infirmity in the title.  The exact nature of the defect was not disclosed to her, and was, perhaps, purposely concealed, but with full knowledge that the title was defective by reason of some irregularity of procedure, and without making any inquiry as to the extent to which it affected the title, she authorized the employment of an attorney to take steps to cure it.  He for that purpose commenced an action in the name of the administratrix against her vendee and his successors to quiet the title.  The proceedings in that case, which are entirely regular in form, resulted in a judgment in favor of the defendants, and upon that judgment the defendants herein rely.  It is contended in behalf of the plaintiffs that they are not bound by that judgment because it was collusive and fraudulent.

There can be no doubt that the object of all parties to that action was simply to cure the defective title of the defendants, and that there was no real controversy waged between them.  But there is equally little doubt that the object was entirely commendable.  The plaintiff had received the full value of the land, and by her fault the title of the purchasers was defective.  It was her duty to do what lay in her power to perfect the title if she intended to keep the price of the land.  This duty she seems to have recognized, and her agent and attorney were given authority to proceed accordingly.  What they did in suffering a judgment in favor of the purchasers was precisely what they were expected and in effect instructed to do.  The result accomplished was equitable and just, and there is no equity in the demand of the plaintiffs that it be set aside.

Rehearing denied.