[S. F. No. 5491.    In Bank.—August 8, 1911.]

In the Matter of the Estate of WILLIAM WALKER, Deceased.

ESTATE OF DECEASED PERSON—DECREE OF DISTRIBUTION—SUBSEQUENT PROBATE OF WILL — DISTRIBUTEES CHARGEABLE AS INVOLUNTARY TRUSTEES.—A decree of distribution of the estate of a deceased person, which has been administered on as an intestate's estate, although it has become final, is not a bar to the subsequent admission to pro-

bate of the will of the decedent. The admission of such will to probate is not an attack, direct or collateral, upon the decree of distribution, and is authorized to establish the *status* of that instrument as a will, in order that the devisees and legatees claiming under it may be in a position to assert their rights in equity against the distributees as involuntary trustees of the rightful owners of the property of the estate.

APPEAL from an order of the Superior Court of Santa Cruz County admitting a will to probate. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Joseph H. Skirm, for Appellants.

Benjamin K. Knight, for Respondent.

HENSHAW, J.—William Walker died in September, 1906. He was a resident of the county of Santa Cruz and left real and personal property therein. He was thought to have died intestate. Letters of administration were issued to the public administrator and administration upon the estate was duly had. The decree of final distribution was made and entered in August, 1908. The property was delivered to the distributees, and the administrator was discharged in February, 1909. More than eight months after the decree of distribution, and after the discharge of the administrator, Frank D. Ennor filed an alleged will of the deceased and petitioned for its probate. The distributees contested and in their contest set forth the facts above related. Petitioner demurred to this contest, the demurrer was sustained, the contest overruled and the will after proof ordered admitted to probate.

This appeal is from this order. It is argued that the decree of final distribution is a conclusive adjudication of the title to the property of the estate which prevents the probate court from taking any further action in regard thereto. It is further argued that the admission of the purported will of William Walker to probate is in the nature of a collateral attack upon the decree of distribution and that the decree is immune from such attack.

Respondent's position is that neither the order admitting the will to probate, nor the effect of that order, is in any wise an

attack, direct or collateral, upon the decree of distribution; that if through accident, fraud, or mistake, the distributees are holding property under the decree, to which they are not entitled, equity will do justice, not by overthrowing the decree of distribution, but by declaring the distributees to be involuntary trustees of the rightful owners of the property. This principle is, of course, well established. (Civ. Code., sec. 2224; *State* v. *McGlynn,* 20 Cal. 233, [81 Am. Dec. 118]; *Wingerter* v. *Wingerter,* 71 Cal. 105, [11 Pac. 853]; *Mulcahey* v. *Dow,* 131 Cal. 73, [63 Pac. 158]; *Sohler* v. *Sohler,* 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282]; *Parsons* v. *Weis,* 144 Cal. 419, [77 Pac. 1007]; *Bacon* v. *Bacon,* 150 Cal. 481, [89 Pac. 317]; *Insurance Co.* v. *Hodgson,* 7 Cranch, 332, [3 L. Ed. 362]; *Case of Broderick's Will,* 21 Wall. 503, [22 L. Ed. 599].) Respondent further argues that only in the probate court can the *status* of the instrument offered for probate be established as a will (*McDaniel* v. *Patterson,* 98 Cal. 86, [27 Pac. 651, 32 Pac. 805]; *Estate of Christensen,* 135 Cal. 674, [68 Pac. 112]) and that in the absence of the establishment of the *status* of the instrument as a will the devisees and legatees named therein could have no standing in a court of equity. Therefore, it was right and proper, if adequate proof of the execution and character of the instrument were established, for the court to grant it probate.

This reasoning, we think, is indisputably sound. The sanctity and immunity of a decree of distribution which has become final attaches to the decree itself and not to those who under it may have derived an unconscionable advantage through fraud, accident, or mistake. Such questions the probate court does not possess the requisite machinery to try. They belong in a court of equity. (*Estate of Hudson,* 63 Cal. 454; *Dean* v. *Superior Court,* 63 Cal. 473; *Wickersham* v. *Comerford,* 96 Cal. 433, [31 Pac. 358].) Nor are we here called on to anticipate the decision of any such question which may in future arise. It is sufficient on this appeal to say that it was proper for the probate court to establish the last will of the deceased to the end that those entitled to take under that will might be in a position to prosecute their rights in equity.

The order appealed from is therefore affirmed.

Shaw, J., Lorigan, J., and Melvin, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment, but I do not think it was essential or appropriate to offer the will for probate in the probate court as such. The exclusive jurisdiction of the probate court is a jurisdiction *in rem,* the *res* being the estate of the decedent which is to be administered and distributed with due regard to the rights of creditors, heirs, devisees, legatees, and all the world. For this purpose a method of procedure is provided appropriate to a proceeding *in rem,* and if it has been regular, and has resulted in a final decree of distribution of the residue of the estate to the heirs of the decedent under a decree which declares that he died intestate, there is no longer any *res* for the probate court to deal with, and its function is ended. But if it turns out that there was a will, which was suppressed, by an heir for the purpose of defrauding devisees or legatees, or, as in this case, lost and undiscovered until after distribution, the remedy of the devisee or legatee against the heir, who has received what was rightfully his, is in equity to charge the heir as his trustee, and to require him to account and to transfer what he has acquired through the fraud, accident, or mistake. The action in such case is not *in rem,* but *inter partes,* and the proper court of equity may determine as between the parties before it whether the will is genuine and duly executed or not, and may in an action between the devisee and a fraudulent spoliator establish the will as against him, upon slighter evidence than would suffice to establish it against all the world in the probate court. I know that what is here said is contrary to what a bare majority of this court decided in *McDaniel* v. *Pattison,* 98 Cal. 86, [27 Pac. 651, 32 Pac. 805], but I am nevertheless convinced that it is the law and supported by the weight of reason and authority.

The court, however, and the parties in this case were bound by the decision in the McDaniel case to prove the will in the probate court, and since the same person is judge of the probate court and of the court of equity in which, according to my opinion, the question of the validity of the will should properly have been tried, and since the parties in interest had notice and appeared, the irregularity of the proceeding, if irregular, was without prejudice and for that reason, if for no other, the order appealed from should be affirmed.

SLOSS, J., dissenting.—I dissent. I quite agree that a court of equity may, in the cases supposed in the majority opinion, give relief by declaring the distributees to be trustees for the rightful owners of the property. But I do not see that the probate of the will is a necessary, or even a proper prerequisite to the granting of such relief.

The judgment of the probate court is final with respect to the question of testacy or intestacy as well as with respect to the succession to the decedent's property. An action in equity to charge the distributees as trustees does not question the validity of the decree of distribution. It recognizes that decree as adjudicating that the legal title has passed to certain persons, but impresses such title with a trust. As the majority opinion itself points out, this is not an attack upon the finality of the proceedings in probate. The right to have a trust declared depends upon the very fact that the probate court has, as the result of some fraud or mistake, conclusively adjudicated the title to be in some one other than the true owner. It is not claimed by any one that the decree of distribution should or can be set aside or supplanted before equity can give relief. Why then is it necessary as a preliminary to such equitable suit to have the will proved in probate? The court has in this very proceeding adjudged that the decedent died intestate. It cannot, after such judgment has become final, again take jurisdiction of the same question and decide it the other way. If the case of *McDaniel* v. *Pattison*, 98 Cal. 96, [27 Pac. 651, 32 Pac. 805], decides anything in conflict with these views I think it should not be followed.

Angellotti, J., concurred.