[Sac. No. 1831.   Department Two.—September 8, 1911.]

## RECLAMATION DISTRICT No. 730, Respondent, v. LEUTIE E. SNOWBALL et al., Appellants.

RECLAMATION DISTRICT—VALIDITY OF FORMATION.—JURAT BY COUNTY CLERK TO AFFIDAVIT OF PUBLICATION OF PETITION—SEAL OF SUPERIOR COURT—UNTENABLE OBJECTION.—An objection to the validity of the formation of a reclamation district, based upon the alleged insufficiency of the jurat to the affidavit of publication of the petition for its formation, is not tenable, where the affidavit was admittedly in due form and was sworn to before the county clerk, with the seal of the superior court appended to the jurat. The county clerk was

empowered to administer an oath, either as county clerk, or as clerk *ex officio* of the superior court, or as clerk of the board of supervisors; and the capacity in which he acted in administering the oath was immaterial.

ID.—SUPPOSED ABSENCE OF SEAL.—Even the absence of any seal to the jurat, would have amounted to a mere irregularity not affecting the validity of the oath.

ID.—SUPPOSED DEFICIENCY OF JURAT—PRESUMPTION OF PROOF IN FAVOR OF JURISDICTION.—In so far as the affidavit was necessary to confer jurisdiction upon the supervisors to act in the formation of the reclamation district, it would be presumed, if necessary, in support of a defective jurat, that they took evidence to supplement the jurat, and to show that in fact the oath was duly administered.

ID.—ACTION BY RECLAMATION DISTRICT TO ENFORCE ASSESSMENT—EVIDENCE—REMONSTRANCE TO PROCEEDINGS FOR ORGANIZATION.—In an action by the reclamation district, a remonstrance made by one of the defendants to the proceedings for organization, was not necessary to be admitted in evidence, but its admission could work no injury, as it tended to show his knowledge of the proceedings, and of the jurisdiction acquired by the supervisors as to him, though it appears that they had jurisdiction otherwise.

ID.—AGREEMENT OF PROPERTY-OWNERS TO FORM NEW DISTRICT—PROPER EXCLUSION.—The court properly excluded from evidence an agreement between certain residents and property-owners of the district, that after complying with certain terms, they would initiate proceedings to have their lands set off into an independent reclamation district. Such agreement, not made with the district, could not bind it, nor affect its powers as an agent and mandatory of the state.

ID.—INSUFFICIENT DEFENSE TO ACTION FOR ASSESSMENT BY RECLAMATION DISTRICT—CONSTRUCTION OF LEVEE FOR DISTRICT UNPAID.—It is no defense to an action for an assessment levied by an irrigation district that one of the defendants had constructed a levee for the district for which he had never been compensated. [Beatty, C. J., dissenting.]

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, R. H. Countryman, and A. G. Bailey, for Appellants.

Arthur C. Huston, and Harry L. Huston, for Respondent.

HENSHAW, J.—This is an action to enforce the collection of an assessment upon the lands of defendants and appellants. The plaintiff is the same plaintiff and the assessment the same assessment considered in *Reclamation District No. 730* v. *Hershey et al.,* (Sac. No. 1832), *ante,* p. 692, [117 Pac. 904]. Most of the propositions here advanced are disposed of by what has been said in the opinion in that case. In this instance, however, the appeal is from the judgment as well as from the order denying defendants' motion for a new trial.

The answer in this case denied for lack of "knowledge, information or belief," the allegations touching the due organization of the district. Those denials were stricken out by the trial court as being sham and frivolous, since the organization was a matter of record and it was not proper for the defendant to deny record matter for lack of information. But waiving the question of the soundness of this ruling; waiving also the question as to whether the due organization of such a district can be attacked in a proceeding such as this, and coming to the consideration of the sole ground of attack which is here presented, the ground itself is untenable and the contention without merit. The affidavit of the publication of the petition (Pol. Code, secs. 3446, 3447) was admittedly in due form. The jurat declared that it was sworn to before "G. L. Duncan, clerk." Attached thereto was the seal of the superior court of Yolo County. It is contended that this jurat was insufficient and therefore the board of supervisors did not acquire jurisdiction. G. L. Duncan was county clerk of the county of Yolo. As such clerk he was *ex-officio* clerk of the superior court and *ex-officio* clerk of the board of supervisors. In any one of these three capacities he was empowered to administer an oath. In which capacity he did in fact administer it is immaterial but it would seem from the seal attached to have been administered by him as clerk of the superior court. Even the absence of any seal would have amounted to a mere irregularity not affecting the validity of the oath, (*Dennis* v. *Bith,* 122 Cal. 42, [68 Am. St. Rep. 17, 54 Pac. 378]), and in so far as this affidavit was necessary to confer jurisdiction upon the supervisors to act it would be presumed, if necesary, where the jurat was defective, that they took evidence to supplement the jurat and to show that, in fact, the oath was duly administered.

J. W. Snowball appeared in the proceedings for the organization of the district and filed a remonstrance. His remonstrance was admitted in evidence in this case. Its introduction was unnecessary but its admission could work no injury. It certainly tended to show the knowledge of Snowball of the proceeding and the jurisdiction acquired by the supervisors at least as to him by his appearance and application for affirmative relief. But as a matter of fact, as has been said, no question is raised as to the propriety and legality of the proceedings saving in the one matter above mentioned.

The court refused admission in evidence of an agreement between certain residents and property-owners of the district. The purport of the agreement was that certain property-owners within the district would construct levees. Upon complying with the terms of the agreement some of these property-owners were to initiate proceedings to have their lands set off into an independent reclamation district. This contract was not entered into with the district. Whatever the property-owners did or did not do under the agreement could not bind the district nor operate to impair or curtail the rights and powers of the district as an agent and mandatory of the state.

For the same reason the court's ruling in striking out the amendment to the answer was sound and proper. This amendment was in the nature of a defense based upon the contract above adverted to and the performance of the contract by J. W. Snowball, and further advanced as a defense the contention that he constructed a levee which was being used by the district and for which he had never been compensated. An action to enforce the collection of an assessment is not one to which a defense such as this will lie. (*Reclamation District* v. *Burgur*, 122 Cal. 442, [55 Pac. 156].)

For the above reasons the judgment and order appealed from are affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank and filed the following opinion on October 9, 1911:—

· BEATTY, C. J.—I dissent from the order denying a re-hearing.

The special defense discussed in the last paragraph of the opinion of the court, I think, deserves more consideration than it has received. When a reclamation district includes in its plan of works, and appropriates and uses, a levee originally constructed by the owner of lands within the district, he has an undoubted claim against the district for the value of the levee so appropriated. This is conceded in the case of *Reclamation District* v. *Burgur,* which is cited by the court as sufficient to support the decision here. But the only point there decided was that the commissioners appointed to assess benefits have no jurisdiction to determine the equities between the district and the owner of the levee so appropriated. Because they attempted to do so their assessment was declared invalid. The effect of this decision was to remit the owners of private levees taken over by reclamation districts to the courts for a remedy, and I know of no reason why the remedy may not be invoked by way of counterclaim in a suit to enforce the lien of an assessment. According to the statement of the case the value of the levee taken over by the district was due when it was taken, and before the commencement of this action. The district owed the defendant so much, and the defendant owed the district so much—they were counterclaims within the meaning of sections 438, 439 of the Code of Civil Procedure. If they were not the subject of setoff the reason for denying them that character must be sought elsewhere than in the Burgur case.