[Civ. No. 6804. First Appellate District, Division Two.—May 23, 1929.]

In the Matter of the Termination of the Life Estate of ELIZABETH BRYAN, Deceased. MARY JANE BRYAN BON, Appellant, v. RICHARD L. CRANE, Respondent.

114

William H. Schooler for Appellant.

Gale & Gale for Respondent.

NOURSE, J.—Plaintiff sued under section 1723 of the Code of Civil Procedure to terminate the life estate of Elizabeth Bryan in real property situated in Sonoma County. The defendant had judgment and the plaintiff has appealed upon a bill of exceptions.

Thomas J. Bryan died testate on April 19, 1882. His wife, Elizabeth Bryan, was named as executrix in the will, and to her he left, during her lifetime, all his estate, both real and personal, and upon her death he devised to all his children then living all this estate, to be divided equally among them. Six children of the union survived the mother, whose death occurred July 9, 1924; they are now the sole heirs at law claiming under this will, and the plaintiff, who is one of these surviving children, sues on behalf of herself and the other five.

During the course of the administration of the estate of Thomas J. Bryan, Elizabeth Bryan, as executrix thereof, petitioned the probate court for leave to sell the property now in dispute. In conformity with an order of sale therefor the property was sold to one J. L. Winans on August 21, 1891. The purchaser thereupon entered into possession and executed a mortgage thereon. In pursuance of foreclosure proceedings of this mortgage the property was sold to one Nancy Crane on September 14, 1896, and in February, 1919, she deeded it to her son, Richard L. Crane, the defendant and respondent herein, who has since been in exclusive possession.

As a special defense to the action the defendant pleaded section 1573 of the Code of Civil Procedure, which provides that "No action for the recovery of any estate sold by an

executor or administrator, under the provisions of this chapter, can be maintained by any heir or other person claiming under the decedent, unless it be commenced within three years next after the settlement of the final account of the executor or administrator.'' The trial court found that plaintiff's action was barred by the provisions of this section, and the correctness of this finding presents the only question on this appeal.

Appellant contends that the petition for the order of sale of the real estate was defective because it did not comply with the terms of the code; that the sale was therefore void and that no title passed thereunder. She then argues that because she and her five brothers were remaindermen under the will of Thomas J. Bryan, deceased, and succeeded as such to the title of his property upon the death of the life tenant, no claim of adverse possession would begin to run against them until July 9, 1924, the date of the death of Elizabeth Bryan.

Respondent, for the sake of the argument, concedes the invalidity of the original sale made in 1891, but contends that the appellant is barred from attacking the transfer by the provisions of section 1573. In this connection it is pointed out that the sale was not made by the life tenant, but it was made by the executrix of the estate. No distribution of the property in suit had been made and no decree had been entered adjudging that Mrs. Bryan was entitled to a life estate or that she took the property as a life tenant. Appellant argues for the application of the rule that a life tenant cannot, by his dealings with the life estate, make his grantee's possession adverse to a remainderman during the term of the life estate. He cites *Pryor v. Winter,* 147 Cal. 554, 559 [109 Am. St. Rep. 162, 82 Pac. 202], *Akley v. Bassett,* 189 Cal. 625, 643 [209 Pac. 576], *Newport v. Hatton,* 195 Cal. 132, 144 [231 Pac. 987], *Thompson v. Pacific Electric Ry. Co.,* 203 Cal. 578 [265 Pac. 220], and other cases to the same point. There is no quarrel with the cases cited, but the rule is not applicable to the case at hand. Here the fact is that the property was sold by the estate and that it was not sold by the life tenant. In fact, the life tenant never acquired possession of the property as such and did not do anything as a life tenant to defeat

or prejudice the interest of the remaindermen. ▮ All her acts relating to the administration and sale of the property were done as executrix of the estate. As such she was the agent of the appellant and of the other heirs under the well-settled rule that the executrix represented the heirs, she as the trustee, they as the *cestuis*.

Returning to the code section, it will be noted that it prohibits any action by any heir or other person claiming under the decedent for the recovery of any estate sold by an executor or an administrator unless such suit be commenced within three years next after the settlement of the final account of the executor or administrator. Here it is conceded that the action was not commenced until thirty-four years after the probate sale. The case is therefore controlled by *Dennis* v. *Bint*, 122 Cal. 46 [68 Am. St. Rep. 17, 54 Pac. 378], and the authorities which have uniformly followed it adhere to the rule that this statute is intended for the protection of those who have remained in possession under color of title believed to be good and that this protection was not intended to be withheld indefinitely at the option of those who did not assert some invalidity in the sale.

▮ The question remains as to when the statute begins. to run in a case of this character. The section fixes the time as of the settlement of the final account. Here it is conceded that though the executrix remained as such from July 17, 1882, down to the time of her death, on July 9, 1924, she did not file a final account. The same question arose in *Dennis* v. *Bint, supra,* and it was held that the statute gave a reasonable time in which to obtain settlement of the final account, and that failing in this the statute began to run with the same effect. ▮ What is a reasonable time for such purpose is, of course, a question to be determined in each case upon all the facts and circumstances arising. It is a question which is to be determined by the trial court in the first instance. Here the trial court determined the question adversely to the appellant, and, as the appellant has not asserted error in this respect, such determination is final upon this appeal.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 19, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1929.

All the Justices present concurred.