[Civ. No. 886.   Fourth Appellate District.—July 6, 1931.]

In the Matter of the Estate of W. O. MITCHELL, Deceased. EDWIN REED, Administrator, etc., et al., Respondents, v. MARIE L. McCARTHY, Appellant.

Claude M. Shell and Jesse George for Appellant.

Hamilton, Lindley & Higgins, for Respondents.

BARNARD, P. J.—This is an appeal from an order refusing to admit an alleged will to probate. W. O. Mitchell died on January 24, 1927, and Edwin Reed, public administrator of the county of San Diego, was appointed administrator of his estate on February 11, 1927. On

January 13, 1928, Marie L. McCarthy filed in the same proceeding a petition to probate an alleged lost or destroyed will of the said W. O. Mitchell, a copy of said will being set forth as follows:

"August 31, 1925.

"Marie L. McCarthy

"Katherine C. McCarthy

"Marie C. McCarthy

"Helen M. McCarthy

"John McCarthy

"I leave everything, property and valuables to Marie L. McCarthy.

"(Signed) W. O. MITCHELL."

After a hearing thereon, the court, on September 5, 1928, entered an order dismissing said petition, the court finding, among other things, that the contents of the alleged will had not been proved by two credible witnesses; that the said writing was in the possession of W. O. Mitchell prior to his death and was not found among his effects thereafter; and that the same cannot now be found. As a conclusion of law, the court found that the purported will was destroyed by Mitchell in his lifetime, and that the same was not in existence at the time of his death. An appeal was taken from the order dismissing the petition. On January 11, 1929, Marie L. McCarthy, in a separate proceeding in the Superior Court of San Diego County, filed a petition for the probate of an alleged will alleging that W. O. Mitchell left a will "which is herewith presented." A copy of the purported will was not set forth in the petition and the record does not show that any purported will was filed with the clerk of the court. On September 5, 1929, an order was entered abating this proceeding, the court stating that it appeared that the parties and issues in that action were identical with the parties and issues in the previous proceeding. On September 5, 1929, Marie L. McCarthy moved the court to set aside the decree and order of September 5, 1928, upon the ground that since the making of said order the will of W. O. Mitchell had been found. On September 16, 1929, the appeal in the first proceeding was dismissed by the Supreme Court for want of prosecution.

On December 30, 1929, Marie L. McCarthy filed a "notice of motion to reopen the matter of the petition to probate will and permit another petition to be filed", in which it is stated that on a certain date she would move the court to reopen the administration of said estate and permit her to file a petition for the probate of the last will of W. O. Mitchell, deceased, "discovered and produced since the appointment of the public administrator, and since the findings and judgment herein dismissing the petition of the same said petitioner for probate of a lost will". Attached thereto appears an order signed by the trial judge granting her permission to present this motion. Also attached thereto is a "Petition for Probate of Will discovered after letters issued herein and for revocation of said letters and appointment of Petitioner as Administrator with Will annexed." This petition sets forth a copy of the purported will, as follows:

"August 31st, 1925.

"Marie L. McCarthy
"Katherine McCarthy
"Marie M. McCarthy
"John McCarthy

"I leave everything, property and valuables to Marie L. McCarthy.

"Signed   W. O. MITCHELL.

"Witness: D. J. HOCKING
"Witness: DOROTHY K. WOLLGAST."

Among other things, this petition alleges the following:

"That the said will was lost and was not discovered until long after the Public Administrator was appointed herein, nor until on or about the 10th day of January, 1929, and has not been presented herein prior to this time because your petitioner through mistake caused it to be presented in an independent proceeding, No. 16194."

The public administrator filed a motion to strike from the files "that certain petition for leave to probate an alleged will of W. O. Mitchell, deceased", on the ground that this petition or motion had been denied on September 6, 1929, and on the further ground that the matter was *res judicata*. Prior to the hearing on these two motions, an order was entered settling the final account of the administrator, and ordering final distribution of the estate. After

a hearing on the motions, the court entered an order refusing permission to probate the alleged will. The trial judge certified that these motions were made, heard and decided upon the papers, records and files in this proceeding and upon the papers, records and files in the other proceeding started by Marie L. McCarthy on January 11, 1929, without oral or other evidence being received. From this last order refusing to admit to probate the alleged will of W. O. Mitchell, deceased, Marie L. McCarthy has appealed.

The respondent Mitchell has made no appearance in this court, but the respondent public administrator has filed a brief. The only point raised is, that admission to probate of the will now offered by the appellant has been previously refused, and that the matter is *res judicata*. In this connection, it is urged that the decree of distribution, having become final, is, under section 1666 of the Code of Civil Procedure, conclusive. It is further urged that since the appeal from the previous order of the court, refusing to admit to probate the alleged lost or destroyed will, was later dismissed, such dismissal amounts to an affirmation of the order of the trial court.

█ That a decree of final distribution is not such an adjudication of the title to the property of an estate as prevents the court from admitting to probate a will left by the decedent, was decided in *Estate of Walker,* 160 Cal. 547 [36 L. R. A. (N. S.) 89, 117 Pac. 510, 511], a case in which the essential facts are quite similar to the case at bar. In that case, the court said:

"The sanctity and immunity of a decree of distribution which has become final attaches to the decree itself and not to those who under it may have derived an unconscionable advantage through fraud, accident or mistake. Such questions the probate court does not possess the requisite machinery to try. They belong in a court of equity. (*Estate of Hudson,* 63 Cal. 454; *Dean* v. *Superior Court,* 63 Cal. 473; *Wickersham* v. *Comerford,* 96 Cal. 433 [31 Pac. 358].) Nor are we here called on to anticipate the decision of any such question which may in future arise. It is sufficient on this appeal to say that it was proper for the probate court to establish the last will of the deceased to the end that those entitled to take under that will might be in a position to prosecute their rights in equity."

■ Nor do we think that the prior proceedings herein constituted an adjudication of the issues here presented. The former order refusing to admit a will to probate, which later became final, was made in connection with an effort to establish a lost or destroyed will. That order was based upon a failure to establish the existence and contents of such a will, and the conclusion was drawn by the court that the will had been destroyed by the deceased prior to his death. If the will was actually in existence and was later found, there is no reason why the same cannot be established and admitted to probate. The conclusion of the trial court that the will alleged to have been lost had actually been destroyed by the decedent prior to his death, was based upon the evidence then before the court, and is not conclusive upon a will subsequently found. It also appears that the will subsequently offered and which it is alleged was subsequently found, is somewhat different from the will previously offered as the lost or destroyed will, the difference consisting in the names first set forth in the instrument, and in the fact that the will now offered in court purports to have been signed before two witnesses. It is entirely possible that the will set out in the first petition was destroyed by its maker, as inferred by the court, and that another will was made on the same day, in the presence of two attesting witnesses. The issue presented to the court in the first instance was as to the existence, contents and validity of what was claimed to be a lost or destroyed will. The issue finally presented was as to the validity of an instrument offered in court and claimed to be the last will of the deceased. No evidence was taken upon this question, and the same has never been decided by the trial court. This issue, not having been presented in the prior proceedings, was not settled by any of the prior orders. When the motion was made on September 5, 1929, to set aside the order of September 5, 1928, an appeal from that order was still pending.

■ It appears that two days after the entry of the order refusing to admit to probate the will now offered, the court entered a decree discharging the administrator. The notice of appeal purports also to appeal from this order. Not only is that order not an appealable one, but the matter calls for no consideration, since the public ad-

ministrator has no further interest in the proceedings (*Estate of Walker, supra*).

For the reasons given, the order appealed from is reversed.

Marks, J., and Griffin, J., *pro tem.*, concurred.