[No. B229437. Second Dist., Div. Five. June 2, 2011.]

NANCILEE ADAMS, as Administrator, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CENTINELA FREEMAN REGIONAL MEDICAL CENTER et al., Real
Parties in Interest.

**COUNSEL**

Balisok & Associates and Russell S. Balisok for Petitioner.

No appearance for Respondent.

The Garcia Law Firm and Stephen M. Garcia for Real Party in Interest Country Villa Health Services, Inc.

**OPINION**

**MOSK, Acting P. J.—**

## INTRODUCTION

Petitioner and plaintiff filed a petition for a writ of mandate seeking to vacate respondent trial court's order abating plaintiff's wrongful death and survival causes of action because plaintiff, decedent's representative, did not join all known heirs under Code of Civil Procedure sections 377.60 and 382.[1] We hold that the trial court erred in abating plaintiff's wrongful death cause of action and survival causes of action. Accordingly, we grant the petition for writ of mandate.

## BACKGROUND

Plaintiff Nancilee Adams (plaintiff) filed her complaint as the administrator of the estate of James C. Adams, deceased (decedent), alleging negligence, willful misconduct, and elder abuse in support of both her survival claim for decedent's injuries prior to his death, and also in support of her claim for decedent's wrongful death. Plaintiff named as defendants real parties in interest Centinella Freeman Regional Medical Center, Daniel Freeman Hospital (CFHS Holdings, Inc.), Country Villa Health Services, Inc., Country Villa East, L.P. (as the operator of a skilled nursing facility), and Dr. Ashwani Bhardwaj (collectively defendants).[2] Plaintiff admitted she did not represent decedent's heirs.

Defendant Country Villa Health Services, Inc., moved under sections 377.60[3] and 382[4] to abate the action for failure to join all necessary parties—i.e., all of decedent's heirs—which motion was joined by other

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Even though the only real party in interest, Country Villa Health Services, Inc., has appeared in this appeal, we shall refer to its positions as being those of defendants.

[3] Section 377.60 provides, "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) the decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession."

[4] Section 382 provides, "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

defendants. Respondent trial court granted the motion to abate the action based on plaintiff's failure to join all the heirs as plaintiffs or as nominal defendants. Plaintiff filed a petition for writ of mandate against respondent trial court challenging the abatement of the causes of action.

## DISCUSSION

█ Defendants contend that the heirs must either be joined in the action as plaintiffs or be named as nominal defendants and served with the summons and complaint because they are necessary parties. (See §§ 377.60, 382, 389.[5]) Defendants rely upon section 377.60, subdivision (a), which provides that a cause of action for wrongful death may be asserted by the persons "who would be entitled to the property of the decedent by intestate succession," including decedent's "surviving spouse, domestic partner, children, and issue of deceased children" "or by the decedent's personal representative on their behalf."[6] California courts interpret the wrongful death statutes to "authorize only a single action, in which all the decedent's heirs must join." (*Romero v. Pacific Gas & Electric Co.* (2007) 156 Cal.App.4th 211, 216 [67 Cal.Rptr.3d 236]; see *Gonzales v. Southern Cal. Edison Co.* (1999) 77 Cal.App.4th 485, 489 [91 Cal.Rptr.2d 530]; *Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 807 [62 Cal.Rptr.2d 78] (*Ruttenberg*); *Valdez v. Smith* (1985) 166 Cal.App.3d 723, 726 [212 Cal.Rptr. 638] (*Valdez*).)

In addition to contending that the wrongful death claim should be abated because plaintiff failed to join the decedent's heirs as parties, defendants cite

---

[5] Section 389, subdivision (a) provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

[6] The term "heir" in connection with wrongful death cases refers to those persons specified in section 377.60. (See *Steed v. Imperial Airlines* (1974) 12 Cal.3d 115, 119 [115 Cal.Rptr. 329, 524 P.2d 801] [former § 377] ["The use of the word 'heirs' [in the wrongful death statute] has been narrowly interpreted as limiting this class of persons to those who would have been eligible to inherit from the decedent's estate had he died intestate."].) " 'Personal representative' means executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." (Prob. Code, § 58, subd. (a).)

section 377.62, subdivision (b),[7] in arguing that the survival causes of action should also be abated because those causes of action—negligence, willful misconduct, and elder abuse—are so intertwined with, and based on the same underlying facts as, the wrongful death claim.

Plaintiff argues that an "exception" to the general rule requiring joinder of heirs applies in this case because section 377.60 purportedly allows for the decedent's personal representative to bring the action instead of an heir, who must join all wrongful death heirs. Accordingly, plaintiff concludes that the personal representative may act as the sole wrongful death plaintiff as, in effect, trustee for the wrongful death heirs, who are beneficiaries of the "trust," without joining the other heirs. Plaintiff also contends that the survival causes of action are not subject to abatement. Whether a plea of abatement is appropriate in this case is a question of law we review de novo. (See *People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 770–771 [25 Cal.Rptr.2d 192].) "[A] pleading in abatement which, being dilatory in its nature, is to be strictly construed." (*Home Owners' Loan Corp. v. Gordon* (1939) 36 Cal.App.2d 189, 192 [97 P.2d 845].)

## A. Wrongful Death Cause of Action

■ A wrongful death cause of action is a statutory claim providing compensation for specified heirs of the decedent for the loss they suffered as a result of the decedent's death. (§§ 377.60–377.62; *San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1550–1551 [53 Cal.Rptr.3d 722] (*SDGE*).) The right to recover under a wrongful death theory is entirely statutory, and the wrongful death statutes create a new cause of action that did not exist in the common law. (*Justus v. Atchison* (1977) 19 Cal.3d 564, 572–575 [139 Cal.Rptr. 97, 565 P.2d 122], disapproved on another point in *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 168 [216 Cal.Rptr. 661, 703 P.2d 1].) ■ As specified in section 377.60, wrongful death actions may be brought by the heirs of the decedent or a personal representative on behalf of the heirs of the decedent. " 'In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that action

---

[7] Section 377.62, subdivision (b) provides: "An action under Section 377.60 and an action under Section 377.31 arising out of the same wrongful act or neglect may be consolidated for trial as provided in Section 1048."

is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages.' [Citations.] [¶] Because there is only a single action for wrongful death, an heir bringing the action should join all known heirs. If an heir refuses to join as a plaintiff, he or she may be named as a defendant, so all heirs are before the court in the same action." (*Smith v. Premier Alliance Ins. Co.* (1995) 41 Cal.App.4th 691, 696–697 [48 Cal.Rptr.2d 461]; see *Cross v. Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353]; *Ruttenberg, supra,* 53 Cal.App.4th 801.)

Defendants facing a wrongful death action in which all the heirs should have, but have not, been joined are entitled to move to abate the action. The California Supreme Court in holding that a wrongful death action by only a portion of the heirs is not the action authorized by statute said, "All the heirs should, therefore, join as plaintiffs in an action by heirs, and if the consent of any one who should be so joined cannot be obtained, he may be made a defendant [(§ 382)]; . . . *where all the heirs are not joined, and timely objection is made on that ground by a defendant, the action should be abated, or, at least, the other heirs should be made parties.*" (*Salmon v. Rathjens* (1907) 152 Cal. 290, 294–295 [92 P. 733], italics added; see *Valdez, supra,* 166 Cal.App.3d at p. 730 [quoting *Salmon v. Rathjens*].)

■ As a "personal representative" of the deceased, plaintiff may maintain the action on behalf of the heirs—i.e., as "a statutory trustee to recover damages for the benefit of the heirs." (*Ruiz v. Santa Barbara Gas etc. Co.* (1912) 164 Cal. 188, 192 [128 P. 330]; see *Estate of Riccomi* (1921) 185 Cal. 458, 460–464 [197 P. 97]; *California State Auto Assn., Inter-Ins. Bureau v. Jacobson* (1972) 24 Cal.App.3d 850, 852–853 [101 Cal.Rptr. 366] ["it has long been established that [the personal representative] acts as a statutory trustee for the heirs, and that if there be no heir, there is no right of action in the personal representative"].) Either the decedent's personal representative on behalf of the heirs or the specified heirs (either as plaintiffs or joined defendants) may assert the wrongful death claim—but not both. (See *Scott v. Thompson* (2010) 184 Cal.App.4th 1506, 1511 [109 Cal.Rptr.3d 846]; *Gordon v. Reynolds* (1960) 187 Cal.App.2d 472, 474 [10 Cal.Rptr. 73] [under former § 377, "[e]ither the administratrix or the heirs, but not both, may sue, and if the administratrix sues, the heirs may not"].) As the plaintiff is suing as the decedent's personal representative on behalf of the heirs, she cannot join the heirs as a party. (See also § 369, subd. (a) [personal representative in a

civil action "may sue without joining as parties the persons for whose benefit the action is prosecuted"].)[8]

Plaintiff's interrogatory response that she "does not represent the heirs of the decedent in her capacity as personal representative of the estate" is not inconsistent with her position. Plaintiff is a fiduciary of the heirs (14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 464, pp. 540–541 (Witkin)). In essence, she acts as a trustee *for* them (*Estate of Bryan* (1929) 99 Cal.App. 113, 116 [277 P. 1068]) and remains neutral when the heirs have conflicting claims. (*Estate of Bartsch* (2011) 193 Cal.App.4th 885, 895–896; *Estate of Miller* (1968) 259 Cal.App.2d 536, 545 [66 Cal.Rptr. 756].) Technically, she does not necessarily "represent" any or all of them in the proceeding. (*Johnston v. Long* (1947) 30 Cal.2d 54, 63 [181 P.2d 645] [executor not "agent" of heirs; "his authority is derived from the will, and the control that is exercised over him is the control exercised by the probate court"]; see also *Wells Fargo Bank v. Superior Court* (2000) 22 Cal.4th 201, 212 [91 Cal.Rptr.2d 716, 990 P.2d 591] [" 'The attorney for the trustee of a trust is not, by virtue of this relationship, also the attorney for the beneficiaries of the trust. The attorney represents only the trustee.' "]; see also *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811 [124 Cal.Rptr.3d 256, 250 P.3d 1115] [fiduciary relationship can exist apart from a representation].) Moreover, plaintiff's duties and obligations as decedent's personal representative are governed by law. (See Witkin, *supra*, § 464, p. 540.)

■ Accordingly, the trial court should not have abated the wrongful death cause of action.

### B. *Survival Causes of Action*

■ Survival causes of action are governed by section 377.30, which provides: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Thus, unlike a wrongful death action, a survival action is a cause of action that

---

[8] Hersh and Smith, California Civil Practice: Torts (2011) section 23:4, page 10 (rev. 9/95) ("One advantage to having the personal representative bring the suit is that control of the lawsuit is centralized. Another is that no guardian ad litem need be appointed for minor heirs, and no petition for compromise of the claim of a minor need be filed. . . . It can be more convenient to have a personal representative bring a wrongful death action on behalf of the heirs if the heirs are numerous, distant, or are not willing to join as plaintiffs."); *id.*, § 23.42; see also *Everett v. Howard Buick Co.* (1936) 15 Cal.App.2d 544 [59 P.2d 506].

existed while the decedent is alive and survives the decedent. The decedent's personal representative or successor in interest may commence that action. (§§ 377.10, 377.30; *Grant v. McAuliffe* (1953) 41 Cal.2d 859, 864 [264 P.2d 944]; *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264 [45 Cal.Rptr.3d 222] ["Unlike a cause of action for wrongful death, a survivor cause of action is not a new cause of action that vests in the heirs on the death of the decedent. It is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event. [Citation.]"].) As the court in *SDGE, supra,* 146 Cal.App.4th at page 1553 stated, "A survivor claim is also a statutory cause of action; however, unlike a wrongful death claim, the survival statutes do not *create* a cause of action but merely prevent the abatement of the decedent's cause of action and provide for its enforcement by the decedent's personal representative or successor in interest. [Citations.]"

It appears that the trial court "abated" the survival causes of action because it abated the wrongful death cause of action. Having erred in abating the wrongful death cause of action, there was no basis for abating the survival causes of action. Moreover, because the survival statutes prevent the abatement of the cause of action of the injured person and provide for the enforcement of the cause of action by the personal representative of the deceased (*SDGE, supra,* 146 Cal.App.4th at p. 1553), the respondent trial court had no discretion to abate the survival causes of action.

■ Section 377.31 states: "On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." This provision recognizes that "the personal representative or successor in interest has an absolute right to be substituted for the decedent . . . ." (22 Cal. Law Revision Com. Rep. (1992) appen. 4, pp. 895, 901, fn. 10, 932.) The reference in section 377.31 to an action that is not abated does not mean that a survival cause of action is subject to abatement because heirs are not named or related claims are abated. The reference to actions that might abate is to those certain causes of action that abate due to the death of a plaintiff, such as in a marital dissolution proceeding when the spouse dies before judgment of marriage dissolution. (See *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1153 [62 Cal.Rptr.2d 466]; *In re Marriage of Lisi* (1995) 39 Cal.App.4th 1573 [46 Cal.Rptr.2d 623].) Section 377.21 specifies that, "a pending action or proceeding does not abate by the death of a party if the cause of action survives." Here the causes of action survive.

## DISPOSITION

A peremptory writ is hereby issued directing respondent trial court to modify its order of November 8, 2010, to provide that plaintiff's causes of action are not abated. Plaintiff is awarded her costs.

Kriegler, J., and Kumar, J.,[*] concurred.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.