Filed 1/29/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| VALERIE MONSCHKE, as Personal Representative, etc., | |
|  Plaintiff and Respondent, | A144289 |
| v. | (Humboldt County |
| TIMBER RIDGE ASSISTED LIVING, LLC, | Super. Ct. No. DR140247) |
|  Defendant and Appellant. | |

Plaintiff Valerie Monschke, acting as personal representative for the estate of her mother, Marjorie Fitzpatrick (decedent), filed this suit for wrongful death and elder abuse against defendant Timber Ridge Assisted Living, LLC. Defendant petitioned to compel arbitration on the ground plaintiff, on behalf of decedent, had signed an agreement with an arbitration clause before enrolling decedent in defendant's facility. The trial court denied the petition, finding the wrongful death claim had been brought on behalf of decedent's surviving children, and the children were not parties to the arbitration agreement. The trial court also declined to submit the elder abuse claim to arbitration because of the possibility of conflicting rulings. Defendant now appeals, arguing the trial court erred in finding plaintiff was not bound by the arbitration agreement. Among other things, defendant contends plaintiff stepped into the shoes of decedent by filing this action as personal representative of decedent's estate. We disagree and affirm.

# I. BACKGROUND

Decedent had three daughters, one of whom is plaintiff. In or around 2005, decedent began suffering from dementia. In 2012, plaintiff enrolled decedent into one of defendant's facilities because it had a memory care unit.

On June 30, 2012, plaintiff, acting as power of attorney for decedent, executed a residency agreement allowing defendant to provide core living services for decedent. The residency agreement contained an arbitration clause, which states in relevant part: "[Y]ou agree that any and all claims and disputes arising from or related to this Agreement or to your residency, care or services at Timber Ridge shall be resolved by submission to neutral, binding arbitration . . . . This arbitration clause binds all parties to this Agreement and their spouse, heirs, representatives, executors, administrators, successors, and assigns, as applicable."

In April 2014, plaintiff, as personal representative of decedent's estate, filed a complaint for elder abuse and wrongful death against defendant. The complaint alleges the following: On the evening of September 28, 2013, decedent was allowed to exit an exterior door of defendant's facility without supervision. Decedent lingered outside the facility unattended and suffered a fall. She was left outside for 30 to 45 minutes, and suffered displacement of her right wrist, a subarachnoid hemorrhage, a downward displaced fracture of the tip of her nasal bone, an intravicular hematoma, and multiple facial bruises. Decedent died of her injuries two weeks later.

Defendant petitioned the trial court to compel binding arbitration as to all of plaintiff's claims. The court denied the petition, stating there was "the possibility of conflicting rulings if this action is split between claims that can be forced into arbitration and those that cannot." As to defendant's argument that the action did not involve any plaintiff other than the signatory to an agreement to arbitrate, the court stated: "[Plaintiff]'s action was effectively brought on behalf of the decedent's surviving children by virtue of section 377.60 of the Code of Civil Procedure, which authorizes [plaintiff] to bring the surviving children's claims 'on their behalf' in [plaintiff]'s capacity as the decedent's personal representative."

## II.  DISCUSSION

Defendant does not appear to challenge the trial court's finding that, to the extent plaintiff's wrongful death claim is not subject to arbitration, plaintiff's elder abuse claim should be tried with it to avoid the risk of conflicting rulings.[1]  However, defendant does challenge the trial court's threshold finding that the wrongful death claim is not subject to arbitration.  Defendant contends plaintiff agreed to submit the wrongful death claim to arbitration when she executed the residency agreement and its arbitration clause as decedent's power of attorney.  Defendant's arguments raise questions of law, which we review de novo.  (See *Daniels*, *supra*, 212 Cal.App.4th at p. 680.)  We find these arguments unavailing.

As an initial matter, defendant appears to contend plaintiff may be bound by the residency agreement's arbitration clause, even if she is not a party to it.  Defendant points out the arbitration clause purports to bind "all parties" and "their spouse, heirs, representatives, executors, administrators, successors, and assigns."  The argument is unavailing.  "Generally speaking, one must be a party to an arbitration agreement to be bound by it.  'The strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement, and a party cannot be compelled to arbitrate a dispute that he has not agreed to resolve by arbitration.' " (*Buckner v. Tamarin* (2002) 98 Cal.App.4th 140, 142.)  There are three exceptions to the rule: (1) "an agent can bind a principal," (2) "spouses can bind each other," and (3) "a parent can bind a minor child." (*Ibid.*)  None of these exceptions apply here.  Decedent was not plaintiff's agent, plaintiff and decedent were not married, and plaintiff is not a minor child.

---

[1] To the extent defendant does challenge this ruling, we affirm.  The trial court's concern about conflicting rulings is well founded since the facts and legal issues surrounding plaintiff's elder abuse and wrongful death claims overlap.  Moreover, the court's decision to try these claims together is reviewed under the deferential abuse of discretion standard.  (See *Daniels v. Sunrise Senior Living, Inc.* (2013) 212 Cal.App.4th 674, 680 (*Daniels*).)

As the residency agreement cannot bind third parties, the pertinent question is whether plaintiff is a party to that agreement. We conclude she is not. While plaintiff signed the residency agreement, she did so as decedent's power of attorney, not in her personal capacity. (See *Daniels*, *supra*, 212 Cal.App.4th at p. 681 ["Because [the plaintiff] signed the residency agreement solely as [the decedent]'s agent and not in her personal capacity, there is no basis to infer that [the plaintiff] agreed to arbitrate her wrongful death claim."]; *Fitzhugh v. Granada Healthcare & Rehabilitation Center, LLC* (2007) 150 Cal.App.4th 469, 474 [plaintiff did not waive right to jury trial because there was no evidence he signed the arbitration agreement in his personal capacity].) Thus, the only parties to the residency agreement were defendant and decedent.

Defendant argues plaintiff essentially stepped into the shoes of decedent and is therefore bound by decedent's obligations under the residency agreement, because she filed this action as the personal representative of decedent's estate. Defendant suggests plaintiff might have remained a third party to the residency agreement had she or her sisters filed this action in their personal capacity. According to defendant, their failure to do so means they are bound by the residency agreement's arbitration clause. The argument is novel but meritless. As personal representative of the estate, plaintiff is asserting the wrongful death claim on behalf of decedent's heirs, not decedent.

"Unlike some jurisdictions wherein wrongful death actions are derivative, Code of Civil Procedure section 377.60 'creates a *new cause of action* in favor of the heirs as beneficiaries, based upon their own independent pecuniary injury suffered by loss of a relative, and distinct from any the deceased might have maintained had he survived.' " (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283.) As defendant points out, Code of Civil Procedure section 377.60 (hereafter section 377.60) states a wrongful death action may be brought either by certain authorized persons, including the decedent's children and other heirs, or by the decedent's personal representative on the authorized persons' behalf, but not by both. (*Adams v. Superior Court* (2011) 196 Cal.App.4th 71, 77.) However, we are aware of no authority holding that, when brought by a personal

4

representative, a wrongful death cause of action may no longer be construed as a claim in favor of the heirs.

Defendant's contention that a personal representative in a wrongful death action is the alter ego of the decedent also runs contrary to well-established law. Regardless of who files suit, recovery in a wrongful death action belongs to the heirs, not to the decedent or the estate. (See *Webster v. Norwegian Mining Co.* (1902) 137 Cal. 399, 400 [wrongful death "action can only be brought to recover damages suffered by the heirs"].) If there are no heirs, then there is no right of action in the personal representative. (*Ibid.*; see also *California State Auto Assn. v. Jacobson* (1972) 24 Cal.App.3d 850, 853.) A personal representative "maintain[s] the action on behalf of the heirs—i.e., as 'a statutory trustee to recover damages for the benefit of the heirs.' " (*Adams v. Superior Court, supra,* 96 Cal.App.4th at p. 77.) A personal representative of the estate does not technically represent any or all of the heirs in the proceedings, but the personal representative does act as the heirs' fiduciary. (*Id.* at pp. 77–78.) Thus, while a personal representative's interests may not directly align with the interests of any particular heir, the personal representative's duty is to stand in the position of the heirs, not the decedent.

Defendant's authority does not hold otherwise. In *Birl v. Heritage Care, LLC* (2009) 172 Cal.App.4th 1313 (*Birl*), the decedent's wife and daughters sued for wrongful death in their personal capacities. (*Id.* at p. 1317.) The defendant argued these plaintiffs stepped into the decedent's position as a party to the arbitration. (*Id.* at p. 1321.) The court rejected this argument because the plaintiffs did not bring the wrongful death cause of action as decedent's successor's in interest,[2] but rather as persons authorized to bring suit in their own right pursuant to section 377.60. (*Birl*, at p. 1321.) At no point did the court state or even suggest the plaintiffs would have been considered parties to the

---

[2] It is unclear the plaintiffs in *Birl* would have had standing to bring a wrongful death action as the decedent's successors in interest. As discussed above, the wrongful death cause of action is not a survivor claim and may only be brought by persons identified in section 377.60. This statute does not identify decedents or successors in interest as persons with standing.

arbitration agreement had they brought their wrongful death claim as the decedent's personal representatives.

Contrary to defendant's contentions, *Hogan v. Country Villa Health Services* (2007) 148 Cal.App.4th 259 and *Garrison v. Superior Court* (2005) 132 Cal.App.4th 253 are also inapposite. Both cases held a decedent's survivor claims were subject to arbitration because the decedents' agents were authorized to sign arbitration agreements on behalf of the decedent pursuant to a power of attorney. (*Hogan*, at pp. 262–263, 264–270; *Garrison*, at pp. 256, 266–267.) The cases do not discuss whether separate claims for wrongful death, which as discussed above are not survivor claims, were also subject to arbitration.

## III. DISPOSITION

The trial court's order denying the petition to compel arbitration is affirmed. Costs to plaintiff.

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Banke, J.


A144289

Trial Court:   Humboldt County Superior Court

Trial Judge:   Hon. W. Bruce Watson

Counsel:

Nolen Law Firm, Rudy Nolen for Defendant and Appellant.

Law Offices of Michael D. Thamer, Michael D. Thamer; Janssen Malloy LLP and W. Timothy Needham for Plaintiff and Respondent.