Filed 2/8/21  Andersen v. Profita CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| STEPHEN ANDERSEN et al., | B306044 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No.BP099392) |
| v. | |
| TAYLOR PROFITA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William P. Barry, Judge.  Affirmed.

Evan D. Marshall, for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

Appellant Taylor Profita's grandmother, Pauline Hunt, was a named beneficiary of the Andersen Family Trust Dated July 16, 1992, as amended (Andersen Family Trust or the Trust). Hunt died in February 2018. Both before and after Hunt's death, Profita participated in ongoing litigation concerning the Trust purportedly on Hunt's behalf. After years of disputes regarding his standing and authority to act for Hunt, Profita filed a motion to substitute into the litigation as Hunt's successor in interest in January 2020. The probate court denied the motion. Profita contends this was error.

We affirm. Profita has not demonstrated that the probate court abused its discretion in denying the motion.

## BACKGROUND

After nearly 15 years of ongoing litigation, we presume the parties are well-acquainted with the facts and labyrinthine procedural history of this case. We recite below only the background most relevant to the instant appeal. More detailed summaries can be found in our five previous appellate opinions in this case: *Andersen v. Hunt* (2011) 196 Cal.App.4th 722 (*Andersen I*), *In re Andersen Family Trust* (Dec. 1, 2015, No. B255546) [nonpub. opn.] (*Andersen II*), *In re Andersen Family Trust* (May 24, 2019, No. B290175) [nonpub. opn.] (*Andersen III*), *In re Andersen Family Trust* (June 5, 2019, Nos. B286565 & B286867) [nonpub. opn.] (*Andersen IV*), and *Profita v. Andersen* (Nov. 26, 2019, No. B288078) [nonpub. opn.] (*Andersen V*).

After years of litigation, the probate court issued an order on September 25, 2017 distributing the Trust assets to Hunt and respondents Stephen Andersen and Kathleen Brandt. (See *Andersen IV*.) Hunt appealed the order, which did not allocate interest accrued on certain assets in accordance with the 60-40

2

split prescribed in the Trust amendments.  (See *ibid*.)  Hunt died on February 2, 2018, while the appeal was pending.

On February 7, 2018, Profita requested that the probate court take judicial notice of a "Grant and Assignment" dated August 7, 2008, that he claimed was "located after being misfiled and subsequently lost several years ago."  (*Andersen IV*.) The Grant and Assignment, notarized and signed by Hunt and Profita, by its terms "grants, assigns, transfers, deeds and conveys all of the Settlor's right, title, and interest in and to any and all interests in certain property . . . to Taylor Profita as the Trustee of the Pauline Strong Hunt Family Trust. . . ."  The property rights purportedly transferred to Profita in the Grant and Assignment include Hunt's interests in the Trust, as well as her rights to any and all causes of action against respondents Andersen and Brandt.

In the Grant and Assignment, Profita acknowledged his receipt of Hunt's trust estate and agreed to serve as its trustee. The record on appeal contains no further information about the Grant and Assignment, the Pauline Strong Hunt Family Trust, or Hunt's estate.  It is unclear from the record whether the probate court took judicial notice of the Grant and Assignment. Profita did not at that time take any other steps to substitute into the case or otherwise formally establish himself as Hunt's successor in interest.[1]

---

[1]According to a declaration Profita filed on January 6, 2020 in conjunction with the motion for substitution at issue here, "In September 2018, [he] sent a Motion for Substitution to the Court, advising of Pauline Hunt's death. . . . The motion does not seem to have been formally filed or acted upon."

On June 5, 2019, we issued *Andersen IV*, reversing the distribution order and remanding the matter to the probate court for further proceedings. *(Andersen IV*.) We permitted the litigation to continue in Hunt's name, holding that Code of Civil Procedure section 368.5 vested the probate court with discretion to allow the litigation to proceed in the name of the original party and noting that no abuse appeared in the record.[2] (See *id*.) The applicability of this provision is now the law of the case (See *Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.)

On November 26, 2019, we issued *Andersen V*, which concerned two probate court orders imposing sanctions on Profita for two motions challenging the distribution order that he filed "ostensibly as a 'real party in interest' and 'as representative for Pauline Hunt,'" who was alive and represented by counsel at the time. (*Andersen V*.) In that opinion, we rejected Profita's argument that sanctions were unwarranted because he was Hunt's successor in interest. (*Ibid*.)

We held that the trial court did not abuse its discretion in concluding that Profita lacked standing and acted in bad faith: "Nothing in the record supports either of Profita's standing arguments. He is not a trust beneficiary, and the record does not demonstrate that he is Hunt's successor in interest. It is unclear whether Hunt died intestate or had a will, or whether she may have other surviving family members or heirs; her brother was mentioned in her power of attorney paperwork. Similarly, the

---

[2] Code of Civil Procedure section 368.5 provides: "An action or proceeding does not abate by transfer of an interest in the action or proceeding or by any other transfer of an interest. The action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

record alludes to a 'Pauline Strong Hunt Family Trust,' but provides no information about the terms of that trust or the rights Profita or others may have under it.  The 'Grant and Assignment' purportedly transferring Hunt's rights in the litigation to Profita (in his capacity as trustee of the Pauline Strong Hunt Family Trust) as of August 7, 2008 was not produced until nearly a decade later, after litigation proceeding in Hunt's name with no objection from Profita resulted in decisions that are now the law of the case.  Moreover, as we previously observed, Profita 'has never properly intervened or substituted into this case,' either in his capacity as Hunt's alleged successor or as trustee of the Pauline Strong Hunt Trust. [*Andersen III.*]  Even if we were to assume Profita is now Hunt's sole successor and heir, he was not her survivor at the time he filed the motions for which he was sanctioned. Nor had he produced the 'Grant and Assignment,' or otherwise argued any basis for standing aside from his alleged beneficiary status." (*Ibid.*)

In or about early December 2019, Profita filed in the probate court a memorandum concerning the proceedings on remand.  The appellate record furnished by Profita does not contain the memorandum, but it does contain a responsive opposition prepared and presumably filed by Andersen and Brandt in early January 2020.  In the opposition, Andersen and Brandt argued that Profita's memorandum "should be dismissed" because "[h]e has no standing to intervene on Pauline Hunt's behalf."  In the alternative, they requested that previously disbursed Trust assets which *Andersen IV* required them to disgorge "should be directed to be returned to Pauline Hunt and

5

not Taylor Profita, as he cannot demonstrate that he is her successor in interest."

On January 6, 2020, apparently in response to Andersen and Brandt's opposition, Profita filed a motion to substitute himself, "as trustee of the Pauline Hunt Strong [*sic*] Trust, as successor in interest to Pauline Hunt." In the motion, brought pursuant to Code of Civil Procedure sections 368.5 and 377.32, Profita asserted that substituting him was "an option," presumably under Code of Civil Procedure section 368.5, and "not a requirement" under Code of Civil Procedure section 377.31 because he "is successor in interest by the 2008 [Grant and Assignment] rather than by descent."[3] He also asserted that "assignment and substitution have no effect on prior proceedings, or on this court's duty on remand, or on the petitioner's [*sic*] liability." He nevertheless argued that the probate court should substitute him as Hunt's successor in interest. The numerous attachments to the motion included declarations from Profita and his attorney, Hunt's death certificate, the Grant and Assignment, Profita's February 7, 2018 request for judicial notice of the Grant and Assignment, and a previous motion for substitution dated September 7, 2018 that Profita states he submitted to the probate court in September 2018.

---

[3]Code of Civil Procedure section 377.31 provides, "On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." Code of Civil Procedure section 377.32 sets forth the requirements for such a motion.

6

On February 10, 2020, the probate court made a ruling concerning the distribution order.  It directed Profita to prepare the order and judgment.

On February 13, 2020, Andersen and Brandt filed an opposition to the motion to substitute.  In addition to quoting excerpts from *Andersen IV* allowing the litigation to continue in Hunt's name and *Andersen V* concerning Profita's lack of standing, they argued that Profita "fails to demonstrate that he is Hunt's beneficiary," and that his "refusal to produce any trust executed by Hunt casts doubt on his status as her beneficiary." In a reply filed February 21, 2020, Profita asserted that Andersen and Brandt raised the question of his succession "for purely obstructive purposes, to gain further delay in correcting the trust distribution."  He also argued that "[t]here is no 'Hunt estate,'" and that the terms of the Pauline Strong Hunt Trust "are immaterial to the fact that Profita is the trustee, which is established by" the Grant and Assignment.

The probate court heard the substitution motion on February 27, 2020.  The minute order documenting the hearing indicates that a court reporter was present, but the record on appeal does not include a reporter's transcript of the hearing. The minute order states in relevant part:  "The Motion filed on January 6, 2020 by Taylor Profita is denied.  [¶] The Court exercises its discretion to allow litigation in the name of the original party rather than substitute Taylor Profita as the alleged transferee.  Accordingly, this motion is denied."[4]

---

[4]Profita filed a petition for writ of mandate, prohibition, or other relief in this court on March 20, 2020.  In the petition, he requested that we vacate the probate court's order denying his motion for substitution as well as another order concerning

7

On March 20, 2020, the probate court entered an order and judgment modifying the Trust distribution order in conformance with our ruling in *Andersen IV*. Profita filed a notice of appeal from that ruling on May 19, 2020, which he stated was "for the purpose of challenging" the probate court's ruling on the motion for substitution.

## DISCUSSION

### I. Appealability

"It is well established that '[a]ppeals which may be taken from orders in probate proceedings are set forth in . . . the Probate Code, and its provisions are exclusive.'" (*In re Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1125-1126; see also *Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 575.) "'There is no right to appeal from any orders in probate except those specified in the Probate Code.' [Citation.]" (*In re Estate of Stoddart*, supra, 115 Cal.App.4th at p. 1126.)

Section 904.1, subdivision (a)(10) of the Code of Civil Procedure permits the appeal of orders "made appealable by the Probate Code." Probate Code sections 1300 and 1304 govern appealability in trust cases. Probate Code section 1300 authorizes appeals from orders "[d]irecting, authorizing, approving, or confirming the . . . conveyance or exchange of property" and those "[d]irecting or allowing payment of a debt,

---

discovery issues. After obtaining further briefing from the parties, we issued on May 21, 2020 an alternative writ ordering the probate court to either vacate the discovery order or show cause why a peremptory writ of mandate should not issue. We denied Profita's writ petition "[w]ith respect to the challenge to the February 27, 2020 order denying petitioner's motion to substitute as a party in the case" for "failure to establish entitlement to extraordinary relief

8

claim, or cost." (Prob. Code, § 1300, subds. (a), (d).) Probate Code section 1304 authorizes appeals from most final orders made under section 17200 of the Probate Code, including those "determining to whom property shall pass or be delivered upon final or partial termination of the trust." (Prob. Code, §§ 1304, 17200, subd. (b)(2).) The distribution order from which Profita filed his notice of appeal is appealable under these provisions.

Profita challenges only the order denying his motion to substitute, however; he represents that the March 20, 2020 distribution order itself is "satisfactory" to him. He represents, and we agree, that he may challenge the order denying substitution in this fashion. Where the Probate Code lacks a specific rule on a procedural issue, "the rules of practice applicable to civil actions, . . . apply to, and constitute the rules of practice in, proceedings under" the Probate Code. (Probate Code, § 1000, subd. (a).) The rules of practice applicable to civil appeals generally state that "[u]pon an appeal pursuant to [Code of Civil Procedure] Section 904.1 or 904.2, the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party," if the intermediate ruling at issue was not one "from which an appeal might have been taken." (Code Civ. Proc., § 906.) The order denying substitution is an intermediate ruling that necessarily affects the final distribution order from which Profita appealed. It also is not listed as an appealable order under Probate Code sections 1300 or 1304; although it has the effect of determining to whom property shall pass, it is not a final order under Probate Code section 17200. We accordingly conclude that Profita may

9

challenge the order denying the substitution motion via his appeal of the distribution order.

## II.  Merits

Profita argues that the probate court "erroneously denied Profita's right to proceed in his own name as real party in interest."  He contends the probate court abused the discretion provided by Code of Civil Procedure section 368.5 in two ways. First, it ruled arbitrarily by denying the motion "with no rationale and only the vague assertion of 'discretion' under" Code of Civil Procedure section 368.5.  Profita asserts that the court "offered no explanation for denying the motion except that [it] 'didn't see the need' and had 'discretion' to allow the action to proceed in Hunt's name."

Profita has not provided a sufficient record for us to determine whether the probate court exercised its discretion arbitrarily.  "'A judgment or order of the lower court is presumed correct.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.)  We thus presume that the probate court articulated appropriate reasons for denying the motion at the hearing, for which Profita has failed to provide a reporter's transcript.  "The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion." (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)

Second, Profita contends the probate court erred because it misunderstood the scope of its discretion.  In his view, the discretion afforded trial courts by Code of Civil Procedure section 368.5 runs in only one direction:  it vests the court with discretion

10

to allow the litigation to continue in the name of the original plaintiff, but not the discretion to deny a real party the ability to proceed in his or her own name.  He thus asserts that he has an "absolute right to proceed in his own name" as a matter of law. We disagree.

As we stated in *Andersen IV*, Code of Civil Procedure section 368.5 "gives trial courts the discretion to allow litigation to continue in the name of the original party rather than substitute the transferee." (*Andersen IV*).  Nothing in the statute suggests that the discretion it affords runs in only one direction. To the contrary, it states that the action "may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." (Code Civ. Proc., § 368.5.)  We are not persuaded otherwise by the authority Profita cites.

In *Hearn Pacifica Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.Ap.4th 117, 134-135, the appellate court held that a trial court abused its discretion in denying a request for substitution when the effect of doing so was to permit an insurer to avoid liability on a judgment.  The court explained that Code of Civil Procedure section 368.5 "was not meant to be used as a shield," and, moreover, that the trial court "gave no reason to continue the action solely in Hearn's name." (*Id.* at p. 134.)  We presume the court gave an appropriate reason for denying the motion here, and nothing in the record suggests that Andersen and Brandt may avoid the liability imposed upon them by the distribution order by virtue of the substitution order.  Profita recognized this below:  "assignment and substitution have no effect on prior proceedings, or on this court's duty on remand, or on the petitioner's [*sic*] liability."

11

*Pepper v. Superior Court* (1977) 76 Cal.App.3d 252 (*Pepper*) is also distinguishable. Pepper, a country club member, filed a class action against the club, alleging that its membership transfer fees were illegal.  Pepper's counsel also belonged to the country club, and the club successfully moved to disqualify him from the action.  (*Pepper*, *supra*, 76 Cal.App.3d at pp. 257-258.)  Pepper died during the course of the litigation, and his will named the previously disqualified attorney as his executor.  (*Id.* at p. 258.)  When the attorney, acting in the capacity of executor, filed a request for default, the country club filed an order to show cause seeking to hold the attorney in contempt for violating the order that he not participate in the proceedings.  (*Ibid.*)  The trial court dismissed the order to show cause but also struck the request for default and prohibited the attorney from appearing in his capacity as executor.  (*Ibid.*)  The attorney sought writ relief, which the appellate court granted.  It held that former Code of Civil Procedure section 385, though "phrased in permissive terms," gave the personal representative of a deceased party the absolute right to be substituted into an action.  (*Id.* at pp. 260-261.)

Former Code of Civil Procedure section 385 does not control here.  Its provisions have been "restated in Sections 368.5 (transfer of interest in pending action), 375 (effect of disability on pending action), 377.21 (continuation of pending action), 377.31 (continuation of pending action commenced by decedent), and 377.41 (continuation of pending action against decedent)." (22 Cal. L. Rev. Comm. Reports 895 (1992).) Section 368.5, which is the relevant provision here because Profita sought substitution pursuant to the Grant and Assignment, retains the permissive language of former Code of Civil Procedure section 385.  Profita

12

points to Code of Civil Procedure section 377.31, which states that "the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative," but he ignores the statute's introductory language restricting its application to motions made "after the death of a person who commenced an action or proceeding." (Code Civ. Proc., § 377.31.)  Hunt was named as a respondent when the instant proceedings began nearly 15 years ago; she did not commence them.  Neither section 377.31 nor *Adams v. Superior Court* (2011) 196 Cal.App.4th 71, 79, which concerns it, is applicable.

## DISPOSITION

Affirmed.  Because respondents did not appear in this appeal, no costs are awarded.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.

13